IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL FRANCIS DEMBY III, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LANKENAU HOSPITAL, *et al.*, | : | NO. 18-1387 |
| Defendants. | : | |

FILED
APR 16 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

TUCKER, J.                                                                                   APRIL /2, 2018

Plaintiff Earl Francis Demby, III, a prisoner incarcerated at SCI-Benner Township, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 primarily based on allegations that he was falsely arrested after an incident at Lankenau Hospital, and did not receive medical treatment for injuries he sustained in connection with the incident. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Demby leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTS**

Mr. Demby alleges that he was taken to Laneknau Hospital on October 8, 2017 by Philadelphia fire and rescue for an injury to his foot. After his "below standard treatment," he went to the emergency room waiting area to call for a ride home. (Compl., ECF No. 2, at 26.)[1] Mr. Demby alleges that while he was waiting for a ride home, he was "being harassed by Thomas Bowman," who is identified as a security officer. (*Id.* at 6.) Mr. Demby alleges that

> After a few minutes of harassment, [he] stood to use the phone and [Bowman] pushed [him] with his hands a minutes [sic] later Mr. Burress [another security officer]

_____
[1] The Court uses the pagination assigned to the Complaint by the CM-ECF docketing system.

1

arrived, Mr. Bowman raised his hand to [Mr. Demby's] face, when all of a sudden [Mr. Demby] was bodyslamed [sic] into chairs [and] choked.

(*Id.*) As a result of the incident, Mr. Demby sustained injuries to his neck, back, and shoulders. He also sustained nerve damage in his hands and bruising to his legs and arms.

As a result of the incident, Mr. Demby was arrested by officers of the Lower Merion Police Department and taken to the Montgomery County Correctional Facility. Public dockets reflect that Mr. Demby was charged in Montgomery County with simple assault, harassment – subject other to physical contact, disorderly conduct engage in fighting, and two counts of aggravated assault. *Commonwealth v. Demby*, Docket No. CP-46-CR-0007409-2017 (Montgomery Cty. Ct. of Common Pleas). The aggravated assault charges were dismissed after a preliminary hearing. *Commonwealth v. Demby*, Docket No.MJ-38204-CR-0000244-2017. After a bench trial, Mr. Demby was found guilty of harassment and disorderly conduct, but acquitted of assault. *Commonwealth v. Demby*, Docket No. CP-46-CR-0007409-2017 (Montgomery Cty. Ct. of Common Pleas).

It appears Mr. Demby remained incarcerated while the case was pending. Mr. Demby alleges that he did not receive immediate or follow-up medical treatment for his injuries at the three facilities where he was incarcerated—the Montgomery County Correctional Facility, SCI-Benner Township, and SCI Graterford. However, the Complaint reflects that he received some treatment, as he obtained a neck brace on February 15, 2018, and was given pain medication on unspecified occasions. Attachments to the Complaint also reflect that Mr. Demby filed numerous sick call requests and grievances requesting medical treatment for his injuries and, in particular, sought physical therapy for his injured neck. He also submitted grievances at SCI-Graterford claiming that he was not being adequately treated for low sugar levels. Mr. Demby

also filed grievances about being charged for medication, as well as requests to change his pain medication. Attachments to the Complaint also reflect that Mr. Demby was placed in administrative custody for lack of bed space, which he challenged, but his appeal for final review was dismissed because he was released from administrative custody. Mr. Demby also submitted a grievance at SCI-Graterford on March 13, 2018 claiming that a correctional officer closed the cell door on his already-injured arm.

Mr. Demby also attached to the Complaint letters he sent to his attorney in which he alleges that he was falsely arrested, asks his attorney to file motions on his behalf, and complains about the quality of his attorney's representation. In his Complaint, Mr. Demby alleges that his "attorney exacerbated injury with advice to take off neckbrace for trial." (Compl., ECF No. 2, at 6.)

Mr. Demby's Complaint names the following Defendants in the caption: (1) Lankenau Hospital; (2) employer of Thomas Bowman; (3) Employer of JohnDoe/Jane; (4) Thomas Bowman; (5) John Doe/Jane; (6) Lower Merion Police Department; (7) Montgomery County Correctional Facility Medical Department; and (8) Department of Corrections. In the body of his Complaint, Mr. Demby identifies a ninth Defendant, Micheal A. John Esq. of the Public Defender's Office. Mr. Demby seeks monetary damages.

## II. STANDARD OF REVIEW

The Court grants Mr. Demby leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

---

[2] However, as Mr. Demby is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Demby is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Mr. Demby has not stated a § 1983 claim against the Defendants for the following reasons.

#### A. Claims Against the Lower Merion Police Department

A police department is not a proper defendant in a § 1983 action because it "lacks an identity separate from the municipality of which it is a part." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011). Even if Mr. Demby had sued the municipality, he has not stated a basis for municipal liability, which must be based on a policy or custom to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was"). To the extent Mr. Demby is alleging that certain officers of the Lower Merion Police Department falsely arrested him or exhibited

4

deliberate indifference to his serious medical needs, he has not named those individuals as defendants in this case.

### B. Claims Against the Department of Corrections and Montgomery County Correctional Facility Medical Department

Mr. Demby cannot state a § 1983 claim against the Department of Corrections because the Department of Corrections is an arm of the Commonwealth that shares in the Commonwealth's immunity and is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Similarly, county jails such as the Montgomery County Correctional Facility and their individual departments are not "persons" that are "subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Accordingly, the Court will dismiss Mr. Demby's claims against the Department of Corrections and the Montgomery County Correctional Facility Medical Department with prejudice.

To the extent Mr. Demby is alleging that employees at the jails or prisons where he was incarcerated acted with deliberate indifference to his serious medical needs or otherwise violated his rights, he has not named those individuals as defendants in this case or described how each defendant bears responsibility for the claimed constitutional violations. It is also not clear whether Mr. Demby intended to bring claims based on the matters other than the lack of medical care touched on in his grievances and, if so, whom he brings those claims against.

### C. Claims Against Micheal A. John, Esq.

Mr. Demby cannot state a constitutional claim against his attorney, because his attorney is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)

("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Court will dismiss with prejudice any claims raised against Micheal A. John, Esq.

### D. Claims Against Remaining Defendants

The remaining defendants are Lankenau Hospital, Thomas Bowman, "Employer of Thomas Bowman," "John Doe/Jane Doe," and "Employer of John Doe/Jane." On the second page of the Complaint, Mr. Demby provides an address at Lankenau Hospital for "John Doe/Jane Doe," and "Employer of John Doe/Jane." Nothing in the Complaint reflects that any of these Defendants could be considered state actors for purposes of § 1983. It is also not clear what John Doe/Jane Doe is/are alleged to have done so as to violate Mr. Demby's rights or give rise to a claim. As there is no apparent basis for § 1983 liability against these Defendants, the Court will dismiss the claims against them.

To the extent Mr. Demby's Complaint could be construed to raise claims against those Defendants under state law, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction. That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."

*Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). The domicile of a corporation is the state in which it is incorporated as well as the state in which it has its primary place of business. 28 U.S.C. § 1332(c)(1). Here, the Complaint does not establish that the parties are diverse.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Mr. Demby's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss Mr. Demby's claims against the Lower Merion Police Department, the Montgomery County Correctional Facility Medical Department, the Department of Corrections, and Micheal A. John, Esq. with prejudice. However, the Court will give Mr. Demby an opportunity to file an amended complaint in the event he can state a plausible claim within this Court's jurisdiction against an appropriate defendant or defendants with regard to the events of October 8, 2017 and his subsequent conditions of confinement. An appropriate order follows.